[No. A048434. First Dist., Div. Two. Aug. 8, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
TONY MARCUS WILLIAMS, Defendant and Appellant.

## COUNSEL

Joann M. Cook, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Christopher W. Grove, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KLINE, P. J.**—Appellant Tony Marcus Williams appeals following imposition of sentence that denied him "one-for-one" worktime credits for work he performed while committed to the California Rehabilitation Center (CRC). He first asserts the denial of worktime credits violates Penal Code section 2933 which, he claims, applies to CRC committees. He further maintains that denying him worktime credits that are available to prison inmates violates equal protection principles. We reject these contentions and affirm the judgment.

### BACKGROUND

On July 11, 1988, appellant was charged by complaint with two counts of second degree burglary. (Pen. Code, § 459.) The complaint also alleged he served two prior prison terms. (Pen. Code, § 667.5, subd. (b).)

On July 8, 1988, appellant pleaded guilty to both counts and admitted one of the prior prison terms. The prosecutor dismissed the remaining prior.

On August 1, 1988, appellant was sentenced to a three-year prison term on count 1, a consecutive one-year sentence for the prior prison term and a concurrent three-year term on count 2. The court suspended criminal proceedings and committed appellant to the CRC. Appellant was paroled from the CRC on July 9, 1989.

On July 28, 1989, appellant was charged with second degree burglary and, on August 28, 1989, pled guilty as charged.[1] On September 1, 1989, the superior court imposed the aggravated three-year prison term. On December 7, 1989, the court reinstated criminal proceedings in connection with the two prior burglary convictions (case No. 10676).

On January 8, 1990, the court imposed concurrent aggravated three-year terms on the burglaries in case number 10676, a consecutive one-year term on the prior prison term and a consecutive one-year, four-month term for the 1989 burglary conviction. The court denied appellant's motion for one-for-one credit for work performed while at CRC; the court instead credited appellant with a one-day reduction of sentence for every two days of work performed. As a result, appellant was credited with 617 days actual time plus 306 days work credit, for a total of 923 days.

This timely appeal followed.

### DISCUSSION

 In 1980 the Legislature amended Welfare and Institutions Code section 3201, subdivision (c) to limit the term of CRC commitments to the determinate sentence for the underlying offense.[2] This change was necessary to insure a person's CRC commitment "would be equivalent to his term in state prison" (*In re Jiminez* (1985) 166 Cal.App.3d 686, 693 [212 Cal.Rptr. 550]), and thus eliminate the preexisting disincentive to opt for a CRC commitment, which would lengthen the total period of commitment. The statute's reference to "good behavior and participation" credits could not have been referring to the one-for-one credit provisions of Penal Code section 2933,[3] since it was not enacted until 1982, after this amendment to Welfare and Institutions Code section 3201, subdivision (c).

In 1983 section 2931, which formerly was the source of time credits for prison inmates, was rendered inapplicable to persons whose crime was

---

[1]This appeal is authorized by Penal Code section 1237.5 and California Rules of Court, rule 31(d).

[2]That provision states, in relevant part, that "[a]ny person committed pursuant to Article 2 (commencing with Section 3050), whose execution of sentence in accordance with the provisions of Section 1170 of the Penal Code was suspended pending a commitment pursuant to Section 3051, who has spent, pursuant to this chapter, a period of time in confinement or in custody, excluding any time spent on outpatient status, equal to that which he or she would have otherwise spent in state prison had sentence been executed, including application of good behavior and participation credit provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code, shall, upon reaching such accumulation of time, be released on parole . . . ."

[3]All subsequent statutory references are to the Penal Code unless otherwise indicated.

committed on or after January 1, 1983. (§ 2931, subd. (d).) The Legislature instead enacted section 2933, which allows one day of credit for each day spent in a qualifying program. Section 2933, subdivision (a) provides, in pertinent part, "It is the intent of the Legislature that persons convicted of a crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections." Appellant contends he is a person "convicted of crime and sentenced to state prison" and thus, based on the express language of the statute, qualifies for one-for-one work credits for the work performed during his CRC commitment.

Appellant acknowledges another court has rejected the claim that this statute made worktime credits available to CRC committees. (*In re Mabie* (1984) 159 Cal.App.3d 301 [205 Cal.Rptr. 528].)[4] However, he argues the result in *Mabie* is inconsistent with the statute's explicit wording and is contrary to the Legislature's intent to create one unified and consistent scheme for CRC and prison commitments. We disagree.

Although appellant is undeniably a person "convicted of a crime and sentenced to state prison," we are persuaded that the Legislature's omission from section 2933 of any mention of CRC committees suggests it did *not* intend to provide worktime credit to such individuals. ■ "A fundamental rule of statutory construction directs us to look to the intention of the Legislature. '"[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect." ' " (*In re Mabie, supra*, 159 Cal.App.3d at pp. 306-307, citations omitted.) ■ Although the Legislature amended section 2933 in 1986, and again in 1988, it made no effort to include CRC committees within the scope of the statute, despite *Mabie*'s extant holding that denied CRC committees credit under that provision.

Furthermore, although appellant argues the 1980 amendment (which made CRC commitments equal in duration to the relevant prison term) demonstrates a Legislative intention to make prison and CRC commitments consistent in all respects, we do not interpret that amendment so broadly.

[4]In *Mabie*, the petitioner asserted the worktime credit was an intended part of the "good behavior" and "participation" credit authorized by Welfare and Institutions Code section 3201, subdivision (c). The court rejected this argument, and noted that "[i]nterpreting a later amendment of another section [section 2933] which authorizes *worktime* credit as included in the good behavior and participation credit would obfuscate the distinction between two separate concepts." (159 Cal.App.3d at p. 306, italics in original.)

Undoubtedly, the Legislature wished to remove the "penalty" that was previously attached to CRC commitments before the 1980 changes. However, that one change does not indicate that CRC and prison commitments are to be hereafter treated equally.

■ The "purpose of imprisonment for crime is punishment." (§ 1170, subd. (a)(1); *In re Jiminez, supra,* 166 Cal.App.3d at p. 692; *Ayala v. Superior Court* (1983) 146 Cal.App.3d 938, 945 [194 Cal.Rptr. 665].) ■ In comparison, the rehabilitation and treatment of addicted individuals is the central purpose of a CRC commitment. "The statutory scheme is premised upon the realization this class of offenders will be placed back on the streets within a relatively short period of time, and unless they can be cured of their addiction problems, the chance of recidivism is substantial." (*Jiminez, supra,* 166 Cal.App.3d at p. 692.) ■ Furthermore, while the state has a strong interest in motivating prison inmates to work and instilling in them a healthy work ethic,[5] treatment provides the most likely prospect for an addict's successful reintroduction to society. (*In re Mabie, supra,* 159 Cal.App.3d at p. 308.) As the court observed in *Mabie,* since addiction is the root of the problem, the Legislature apparently determined that section 2933 worktime credit—which might unduly shorten the length of a committee's therapy[6]—would not foster effective treatment. (*Ibid.*)

After initially filing an opinion in this matter we granted rehearing on our own motion and requested appellant and the Attorney General to submit additional briefing to aid our reconsideration of this issue. After careful review of these materials and the relevant statutory and case law we have determined our previous conclusion was correct. Because incarceration in prison and the CRC implicates different state interests, we conclude the Legislature properly could, and did, make one-for-one worktime credits available only to prison inmates. While the Legislature allowed CRC committees one-for-two worktime credit to provide an incentive to participate in work programs that might promote the rehabilitative process, it declined to allow one-for-one credit that might reduce the duration of a CRC commitment below that necessary to provide adequate treatment. We find such a distinction reasonable and entirely proper. ■ Moreover, because we consider the state's interest in addicts' rehabilitation a compelling state

---

[5]"It is the intent of the Legislature that all able-bodied prisoners in the state prisons be directed to work, inasmuch as the performance of productive work on a regular basis is the most appropriate method of successfully instilling in prisoners the values of a law-abiding and cooperative society and will improve the possibility of their reintegration into that society." (Stats. 1982, ch. 1, § 1, p. 1; *In re Mabie, supra,* 159 Cal.App.3d at p. 308.)

[6]Although appellant argues he received no therapy during his CRC commitment, we hesitate to conclude that appellant's work as a firefighter could not be considered therapeutic.

interest, such disparate treatment does not violate principles of equal protection.

## DISPOSITION

The judgment is affirmed.

Smith, J., and Benson, J., concurred.