*969
 
 Opinion
 

 BROWN (G. A.), J.
 
 *
 

 Michael Thomas Miller appeals following imposition of a sentence that denied him worktime credits (Pen.
 
 [1]
 
 Code, § 2933) while committed to, and before his exclusion from, the California Rehabilitation Center (CRC).
 

 Pursuant to a plea bargain, appellant pleaded guilty to possession of ephedrine and hydriodic acid with intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c)(1)). He was sentenced to four years in state prison. Proceedings were suspended and he was committed to CRC pursuant to Welfare and Institutions Code section 3051 on January 12,1989. Appellant was thereafter excluded from CRC for excessive criminality. After being ordered returned to CRC by the superior court, he was excluded a second time and exclusion was ordered by the superior court on September 14, 1990. He was sentenced to state prison for four years on October 12, 1990. The court credited him with actual time in custody both in the county jail and at CRC and with conduct credits of one-third for the period he was at CRC. (Welf. & Inst. Code, § 3201, subd. (c); § 2931.)
 

 The single issue raised on appeal is the trial court’s denial of work credits (which would reduce the sentence up to one-half) pursuant to section 2933 during the period he was at CRC against his subsequent state prison sentence. We will hold he is not entitled to such worktime credits.
 

 In 1980, Welfare and Institutions Code section 3201 was amended to provide that persons who are committed to CRC under Welfare and Institutions Code section 3051 cannot be required to spend longer in confinement than they could have served on the underlying felony with full credit for behavior and participation. The statute as written affords conduct credit to CRC committees who successfully complete the program.
 
 (In re Martin
 
 (1981) 125 Cal.App.3d 896, 900 [178 Cal.Rptr. 445].)
 

 Welfare and Institutions Code section 3201 as amended made section 2931 applicable to CRC committees.
 
 (People
 
 v.
 
 Hankins
 
 (1982) 137 Cal.App.3d 694, 700 [187 Cal.Rptr. 210].) Section 2931, subdivision (a) authorized a reduction in sentence by one-third for good behavior and participation.
 

 With respect to worktime credits, section 2933 provides in pertinent part:
 

 
 *970
 
 “(a) It is the intent of the Legislature that persons
 
 convicted of a crime
 
 and
 
 sentenced to state prison,
 
 under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Corrections for performance in work, training or education programs established by the Director of Corrections.” (Italics added.)
 

 Appellant contends that he is a person convicted of a crime and sentenced to state prison and thus by the terms of section 2933 is entitled to worktime credits. However, we have concluded that the Legislature’s omission from section 2933 of any mention of CRC committees suggests it did not intend to provide worktime credit for such individuals.
 

 In re Mabie
 
 (1984) 159 Cal.App.3d 301 [205 Cal.Rptr. 258], a case wherein the appellant was not excluded from CRC, held a committee was not entitled to worktime credits. The court grounded its decision upon statutory construction and held that a denial of worktime credits did not deny the committee equal protection of the law.
 

 In that case, the court held Welfare and Institutions Code section 3201, subdivision (c), does not statutorily authorize CRC committees worktime credit under section 2933, and the Legislature’s omission from section 2933 of any mention of CRC committees compels a conclusion it did not intend to provide worktime credits to such individuals:
 

 “Interpreting a later amendment of another section which authorizes
 
 worktime
 
 credit as included in the good behavior and participation credit would obfuscate the distinction between two separate concepts.
 

 “Moreover, we note that there has been no corresponding amendment of Welfare and Institutions Code section 3201 authorizing section 2933 work-time credits for CRC inmates. . . . ‘ “[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect.” ’ [Citation.] Therefore, it is apparent that the Legislature has chosen
 
 not
 
 to provide section 2933 worktime credits to CRC committees.” (159 Cal.App.3d at pp. 306-307.)
 

 In rejecting a claim that the denial of worktime credits to CRC committees amounted to a denial of equal protection of the laws, the
 
 Mabie
 
 court assumed “that CRC addicts and state prisoners sentenced for the same underlying offense
 
 are
 
 similarly situated” (159 Cal.App.3d at p. 307) and held the state had compelling justification for the disparate treatment of the
 
 *971
 
 two classifications. We will follow the persuasive reasoning of the
 
 Mabie
 
 court.
 

 The “purpose of imprisonment for crime is punishment” (§ 1170, subd. (a)(1);
 
 In re Jiminez
 
 (1985) 166 Cal.App.3d 686, 692 [212 Cal.Rptr. 550]). In comparison, the rehabilitation and treatment of addicted individuals is the central purpose of a CRC commitment.
 

 In holding that there was no denial of equal protection, the
 
 Mabie
 
 court stated:
 

 “[W]e find a compelling justification for limiting section 2933 worktime credits to state prison inmates. The intent of the Legislature in enacting section 2933 is embodied in partin the Statutes of 1982, chapter 1, section 1: ‘It is the intent of the Legislature that all able-bodied prisoners in the state prisons be directed to work, inasmuch as the performance of productive work on a regular basis is the most appropriate method of successfully instilling in prisoners the values of a law-abiding and cooperative society and will improve the possibility of their reintegration into that society.’ (Stats. 1982, ch. 1, § 1, No. 2 Deering’s Adv. Legis. Service, pp. 1-2, No. 1 West’s Cal. Legis. Service, p. 67.) Moreover, section 2933 credits, unlike good behavior and participation credits under section 2931, must be
 
 earned
 
 by state prison inmates who work in a credit qualifying assignment. Such credit is not automatically granted. [Citations.]
 

 “The legislative purpose of instilling the work ethic in state prison inmates has little, if any, applicability to the CRC committee. ‘Petitioner is in the CRC program because of his narcotics addiction and its result not only to him but to the rest of society. He is there because of a physical and psychological addiction. Narcotics addiction and crime go hand in hand. Addiction breeds crime. Petitioner needs and society demands particularized treatment of him because of that condition.’ [Citation.] Such treatment provides the most likely prospect for petitioner’s successful reentry into society. The compelling state interest is manifest by the importance of treatment for a narcotics addict. Theoretically, successful treatment would obviate the need for an addict to commit crime to support his habit. Since addiction is the root of the problem, the Legislature apparently determined that worktime credit would not foster effective treatment. This determination forms the basis of the necessary compelling state interest.”
 
 (In re Mabie, supra,
 
 159 Cal.App.3d at p. 308.)
 

 Appellant attempts to distinguish the holding in
 
 Mabie
 
 from his situation because appellant was excluded from CRC (Welf. & Inst. Code, § 3053). The attempted distinction is without merit. Essentially, the distinction raises
 
 *972
 
 a question of whether the length of time actually served at CRC has any bearing on the above equal protection analysis as between a CRC committee and a state prisoner sentenced for the same offense. We see none. The factual distinction is without legal significance. Whatever the length of time actually served at CRC, the distinction between punishment for a crime and treatment and rehabilitation for narcotics addiction is valid and justifies the denial of worktime credits to appellant. Accordingly, appellant’s attempted distinction must fail.
 

 Appellant cites
 
 In re Martin, supra,
 
 125 Cal.App.3d 896, 902;
 
 People
 
 v.
 
 Hankins, supra,
 
 137 Cal.App.3d 694, 699;
 
 People
 
 v.
 
 Talton
 
 (1983) 145 Cal.App.3d 729, 734 [193 Cal.Rptr. 660]; and
 
 In re Jiminez, supra,
 
 166 Cal.App.3d 686, 694, to support his argument that under the principles of equal protection a person committed to CRC then excluded is entitled to conduct credits in addition to the actual time spent in CRC. However, these cases have all held that CRC committees who are found excludable should be entitled to conduct credits under the principles of equal protection in the same fashion as are afforded CRC committees who successfully complete the program by statute. (Welf. & Inst. Code, § 3201, subd. (c);
 
 In re Martin, supra,
 
 125 Cal.App.3d at pp. 902-903;
 
 People
 
 v.
 
 Hankins, supra,
 
 137 Cal.App.3d 694;
 
 People
 
 v.
 
 Talton, supra,
 
 145 Cal.App.3d at pp. 730-732.) The equal protection issue raised in these cases dealt with the classification of CRC inmates who completed the program and those CRC inmates who were found unamenable for treatment and returned to state prison with respect to entitlement to conduct credits, a classification which is not in issue in this action.
 

 The judgment is affirmed.
 

 Stone (W. A.), Acting R J., and Buckley, J., concurred.
 

 *
 

 Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise indicated.