Filed 10/14/20  P. v. Trotter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089578 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03192) |
| v. | |
| ANDY OTIS TROTTER, | |
| Defendant and Appellant. | |

Defendant Andy Otis Trotter appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95, arguing the trial court failed to follow the required procedures before denying the petition.  (Statutory section citations that follow are to the Penal Code.)  Defendant also contends we must remand the matter to give the trial court the opportunity to strike the two 20-year firearm enhancements.  We affirm the trial court's order regarding the petition for resentencing and affirm the judgment.

FACTS AND PROCEDURAL HISTORY

In 2007, a jury found defendant guilty of two counts of attempted murder (§§ 664/187), discharging a firearm from a vehicle (§ 12034, subd. (c)), and shooting at

1

an occupied vehicle (§ 246). The jury found gang and firearm enhancements true (§§ 186.22, subd. (b)(1), 12022.53, subd. (c)). The trial court sentenced defendant to an aggregate prison term of 30 years to life plus 40 years, which included two 20-year consecutive terms imposed on the firearm enhancement. (*People v. Trotter* (Jan. 15, 2009, No. C055472) [nonpub. opn.].) We affirmed the judgment in 2009, and the case became final in 2009.

Defendant filed a petition for resentencing under section 1170.95. Defendant declared the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder." Noting defendant was convicted of two counts of attempted murder, the trial court found defendant had not shown he came within the provisions of section 1170.95 and having been convicted of attempted murder defendant was ineligible for statutory relief under section 1170.95. Accordingly, the trial court denied the petition.

DISCUSSION

I

*Senate Bill No. 1437 Applicability to Attempted Murder*

Defendant contends the trial court erred in concluding he was statutorily ineligible for relief under section 1170.95 based on his attempted murder convictions. He argues he is entitled to relief because attempted murder is a lesser included offense of murder and the ameliorative legislation should apply to lesser included offenses.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' [Citation.]" (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 achieved these goals by amending sections 188 and 189, statutes pertaining to the crime of murder. The legislation also added section 1170.95, which provides a mechanism for defendants "convicted of felony murder or murder under a natural and probable consequences theory" (§ 1170.95, subd. (a)) to file a petition in the sentencing court to have a murder conviction vacated and to be resentenced.

"[S]ection 1170.95 authorizes only a person who was 'convicted of *felony murder or murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated . . . .' (*Id*., subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id*., subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced. (*Id*., subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at pp. 992-993.)

Defendant argues that the courts of appeal are split on the issue of whether Senate Bill No. 1437 applies to attempted murder convictions. They are not.

The courts of appeal are split on the issue of whether Senate Bill No. 1437's abrogation of the natural and probable consequences doctrine also applies to attempted murder, such that a defendant whose conviction is not yet final is entitled to make a direct appeal based on Senate Bill No. 1437. (*People v. Medrano* (2019) 42 Cal.App.5th 1001, 1012-1016 [Senate Bill No. 1437 applies to attempted murder], review granted Mar. 11,

3

2020, S259948 (*Medrano*); *People v. Larios* (2019) 42 Cal.App.5th 956, 970 [same], review granted Feb. 26, 2020, S259983 (*Larios*); *People v. Sanchez* (2020) 46 Cal.App.5th 637, 642 [same], review granted June 10, 2020, S261768; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105 [Senate Bill No. 1437 does not apply to attempted murder], review granted Nov. 13, 2019, S258175; *People v. Munoz* (2019) 39 Cal.App.5th 738 [same], review granted Nov. 26, 2019, S258234 (*Munoz*); *People v. Dennis* (2020) 47 Cal.App.5th 838, 844 [same], review granted July 29, 2020, S262184.)

While these courts have disagreed as to whether Senate Bill No. 1437 applies to nonfinal attempted murder convictions, they have agreed that the relief provided by section 1170.95 is limited to convictions for murder. (*Larios, supra*, 42 Cal.App.5th at p. 961 ["Although we find ourselves in fundamental disagreement with the *Lopez* and *Munoz* decisions on the scope and legal ramifications of Senate Bill [No.] 1437 as it pertains to attempted murder, we agree with their ultimate conclusion that section 1170.95 provides no relief for the crime of attempted murder"], review granted; *Medrano, supra*, 42 Cal.App.5th at p. 1008 ["However, we agree with *Lopez* and *Munoz* that the petitioning procedure added in section 1170.95 does not apply to attempted murder"], review granted.) Defendant cites no authority holding otherwise. "Thus, even courts that have taken a broader interpretation of the changes made by Senate Bill No. 1437 have, . . . , concluded that section 1170.95 limits relief only to defendants convicted of murder." (*Flores, supra*, 44 Cal.App.5th at p. 994.)

As to defendant's argument that attempted murder is a lesser included offense of murder, and remedial legislation impliedly includes attempts to commit the same crime, defendant's reasoning does not explain away the fact that section 1170.95 expressly limits relief to persons convicted of murder. Defendant cites no persuasive authority for the proposition that we must read "attempted murder" into section 1170.95 where the Legislature has plainly omitted it. When the Legislature wishes a statute to encompass both a completed crime and an attempt, it knows how to say so. (*Munoz, supra*,

4

39 Cal.App.5th at p. 757, review granted; see, e.g., §§ 12022.53, subd. (a)(18), 12022, subd. (a)(1), 667.5, subd. (c)(12), 1192.7, subd. (c)(22), (39).)  We are not at liberty to add to the statute what the Legislature has omitted.  (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545; *Munoz*, at pp. 755-756, review granted.)

Furthermore, we are persuaded by the reasoning of cases rejecting the same argument in the context of voluntary manslaughter.  "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder."  (*Flores, supra*, 44 Cal.App.5th at p. 993; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"] (*Cervantes*).)  "Had the Legislature intended to make section 1170.95 available to defendants convicted of [lesser included offenses], it easily could have done so.  [Citation.]  The absence of any reference to [any lesser included offense] implies the omission was intentional.  (*People v. Williams* (1991) 232 Cal.App.3d 1643, 1647 [' " ' "[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect" ' " ']; see *People v. Shiga* (2019) 34 Cal.App.5th 466, 476, [' "[I]f the Legislature meant to define only one offense, we may not turn it into two" '].)"  (*Flores,* at p. 993.)

These exclusive references also make clear that Senate Bill No. 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder.  (*People v. Alaybue* (2020) 51 Cal.App.5th 207.)

Nor, contrary to defendant's claim, is such an interpretation absurd or contrary to the legislative intent.  "The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule.  That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions."  (*Cervantes, supra*, 44 Cal.App.5th at p. 889, fn. omitted; see *Flores, supra*, 44 Cal.App.5th at

5

pp. 996-997.) Moreover, the basic punishment for attempted murder is already less than that imposed for first or second degree murder, and the determinate sentencing ranges permit a sentencing judge to make punishment commensurate with a defendant's culpability based on aggravating and mitigating factors. (*Munoz, supra*, 39 Cal.App.5th at pp. 757-758, review granted.) "Providing relief solely to defendants convicted of *murder* under a felony-murder or natural and probable consequences theory does not conflict with the Legislature's stated objective to make 'statutory changes to more equitably sentence . . . .' " (*People v. Turner* (2020) 45 Cal.App.5th 428, 439.)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for attempted murder are ineligible for section 1170.95 relief. In so doing, we are in accord with the uniform line of decisions by other courts of appeal that section 1170.95 applies to defendants convicted of murder, not to defendants who are convicted of attempted murder or another lesser offense. (*Medrano, supra*, 42 Cal.App.5th at pp. 1008, 1018, review granted; *Larios, supra*, 42 Cal.App.5th at p. 961, review granted; *People v. Lopez, supra*, 38 Cal.App.5th at pp. 1104-1105, review granted; *Munoz, supra*, 39 Cal.App.5th at p. 754, review granted; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916 [charged with first degree murder with a gang enhancement, pleaded guilty to voluntary manslaughter and admitted enhancement]; *People v. Turner, supra*, 45 Cal.App.5th at pp. 431-432 [charged with first degree murder and firearm and gang enhancements, pleaded guilty to voluntary manslaughter and admitted firearm enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989-990 [charged with murder with robbery and gang enhancements, pled guilty to voluntary manslaughter and admitted enhancements]; *Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pled no contest to voluntary manslaughter].)

6

Defendant was convicted of attempted murder. Section 1170.95 does not provide relief for persons convicted of attempted murder. Therefore, the trial court properly denied the petition without appointing counsel because defendant was ineligible as a matter of law.

## II

### *Equal Protection*

Defendant contends an interpretation of section 1170.95 that excludes attempted murder convictions violates equal protection.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)

Defendant was convicted of attempted murder, a different crime than murder, which carries a different punishment than murder; he is not similarly situated to those convicted of murder. (See *Cervantes, supra*, 44 Cal.App.5th at p. 888.) Thus, defendant's equal protection challenge fails at the first step.

## III

### *Senate Bill No. 620*

Defendant contends the matter must be remanded to the trial court to allow it to exercise its discretion to strike the section 12022.53, subdivision (c) firearm enhancements pursuant to Senate Bill No. 620. Defendant acknowledges the amendment does not create an independent right to resentencing for final cases, but applies to "any resentencing that may occur pursuant to any other law." Relying on this language, he

argues the appellant is before the court pursuant to his petition for resentencing under section 1170.95; therefore, the trial court was entitled to consider exercising its Senate Bill No. 620 discretion.

When defendant "was originally sentenced in 2009, the trial court had no discretion to strike or dismiss a firearm use enhancement. [Citation.] However, Senate Bill No. 620 amended the statute, effective January 1, 2018, to give the trial court discretion, in limited circumstances, pursuant to section 1385, to strike a firearm enhancement in the interest of justice. [Citation.] Subdivision (h) of section 12022.53 now provides, 'The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law.' [Citation.]" (*People v. Johnson* (2019) 32 Cal.App.5th 938, 941.) This provision extends the benefits of Senate Bill No. 620 to defendants who have exhausted their rights to appeal and for whom a judgment of conviction has been entered but who have obtained collateral relief by way of a state or federal habeas proceeding or other post judgment motions. (*Id.* at p. 942; see also *People v. Arredondo* (2018) 21 Cal.App.5th 493, 507.)

Contrary to defendant's claim, he was not before the court for resentencing. The statute itself is explicit that the sentence is not recalled by virtue of the filing of the petition. Rather, it is only after the court has determined the petitioner made a prima facie showing that petitioner falls within the provisions of the statute and is entitled to relief (§ 1170.95, subd. (c)), and the prosecution has failed to carry its burden of proving the petitioner is ineligible for resentencing (*id*., subd. (d)(3)), that the murder conviction may be vacated and the sentence recalled (*id*., subd. (d)(1)). As above, defendant did not meet the initial threshold showing he was entitled to relief, as he was not convicted of murder. Filing a petition seeking relief to which you are not entitled does not reopen one's case for purposes of resentencing. Thus, defendant's petition for resentencing

8

under section 1170.95 did not "extend the date on which his judgment became final for purposes of Senate Bill No. 620 because, although he sought it, [defendant] did not 'obtain[ ] collateral relief' " by virtue of the petition. (*People v. Johnson, supra,* 32 Cal.App.5th at p. 942.) Because he did not obtain collateral relief, appellant was not eligible for "resentencing . . . pursuant to any other law" (§ 12022.53, subd. (h)), and section 12022.53, subdivision (h), as amended by Senate Bill 620, does not apply.

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed and affirm the judgment.

 

 

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

RENNER, J.