[Civ. No. 41047. Second Dist., Div. Five. Mar. 30, 1973.]

THOMAS LEVY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Everett E. Ricks, Jr., and William C. Beverly, Jr., for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

## OPINION

KAUS, P. J.—This petition for a writ of prohibition is directed against the impending trial of count 4 of an amended information, which otherwise charges the petitioner ("defendant") with a violation of section 11500.5 of the Health and Safety Code (count 1) and a violation of section 11530 of the same code (count 2). Count 3 is directed against another defendant.

Defendant's preliminary hearing furnished probable cause for an information charging him with the narcotics violations embodied in counts 1 and 2. It also justified the filing of two additional counts—4 and 5 of the original information—charging violations of sections 12031 and 12025 of the Penal Code, two misdemeanors.[1] At the preliminary hearing the People offered no evidence that defendant had suffered any prior felony convictions.

---

[1] Sections 12025 and 12031 prohibit the carrying of certain firearms under certain conditions.

A jury trial held in June 1972 resulted in a mistrial.

Thereafter, over defendant's objection, the People were permitted to amend the information in several respects: 1. they added allegations charging defendant with two prior felony convictions which they had just discovered; 2. counts 4 and 5 of the original information were abandoned and a new count 4 was added. It charges a violation of section 12021 of the Penal Code—colloquially known as "ex-con with a gun." The weapon involved in the new charge is the same weapon which formed the basis of counts 4 and 5 of the original information. In short, the People were permitted to charge one felony instead of two misdemeanors.

Although on its face the petition before us prays for a peremptory writ prohibiting any retrial, the thrust of defendant's argument is directed only at count 4 as amended.

■ Defendant is obviously entitled to the writ. A prior felony conviction is an element of the crime denounced in section 12021. (*People* v. *Davenport,* 210 Cal.App.2d 335, 340-341 [26 Cal.Rptr. 753].) The People were well within their statutory rights in adding charges of defendant's two priors as a device which, under certain circumstances, increases the punishment after a conviction. (Pen. Code, §§ 969, 969a.) We have no doubt that this may be done after a mistrial. This is what was generally held in *People* v. *Flowers,* 14 Cal.App.3d 1017 [92 Cal.Rptr. 647]. Further, it is inescapable that such was the intent of the Legislature with respect to priors filed to increase punishment. Section 969a permits amendments charging such priors "[w]henever it shall be discovered" that the information does not charge them.

It is just as emphatically true, however, that section 739 of the Penal Code authorizes the district attorney to include in the information only "offenses shown by the evidence taken before the magistrate to have been committed." When a prior conviction is an element of an offense sought to be charged in the information and there is no evidence of such a conviction before the magistrate, there simply is no statutory authority for including the charge in the information.

The People seek to justify the amendment by arguing that defendant is not prejudiced, since at the forthcoming trial he will be called upon to meet the charge of the two priors properly alleged for the purpose of increasing punishment in case of a conviction.

We cannot concur in such a permissive attitude toward the clear language of a statute. (Cf. *People* v. *Elliott,* 54 Cal.2d 498, 503-504 [6 Cal.Rptr. 753, 354 P.2d 225].) In any event, the People's argument ignores at

least one of the purposes of a preliminary hearing, which is the weeding out of "groundless or unsupported charges of grave offenses, . . ." (*Jaffe* v. *Stone,* 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].)

▓ The proof of the validity of a prior conviction presents legal as well as factual issues. Our statutory scheme is that the defendant must be given an opportunity to raise and—should he so decide—fully litigate those issues at a preliminary hearing. (*Jennings* v. *Superior Court,* 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304]: "To effectuate this constitutional and statutory purpose [of the preliminary hearing] the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense.")

True, in the case at bar defendant will have to meet the charge of the two priors filed under the authority of section 969a, even if he is tried on counts 1 and 2 alone.[2] This self-evident fact adds nothing to the People's argument that defendant is not prejudiced by count 4 as amended. For example, with nothing but counts 1 and 2 in the picture, defendant may choose to admit the priors (Pen. Code, § 1025) and keep the jury from knowing anything about them.

Let a peremptory writ of prohibition issue, prohibiting the respondent court from proceeding to trial on count 4 of the amended information in the case entitled People v. Levy, being number A-602056 in said court.

Stephens, J., and Cole, J.,* concurred.

---

[2] We need not attempt to decide whether it follows from *Jones* v. *Superior Court,* 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241], that the People would have been unable to allege the two priors, had their validity been put in issue at a preliminary hearing on a complaint charging a violation of section 12021 of the Penal Code and had the magistrate found against the validity of the priors on an issue of fact.

*Assigned by the Chairman of the Judicial Council.