[No. B163262. Second Dist., Div. Four. Jan. 14, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT FIELDER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part A of the Procedural and Factual Background and part II of the Discussion.

1224

**COUNSEL**

Maria Morrison, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephen A. McEwen and G. Tracey Letteau, Deputy Attorneys General, for Plaintiff and Respondent.

Ｏ<span></span>ＰＩＮＩＯＮ

**VOGEL (C.S.), P. J.—**

## INTRODUCTION

An information charged appellant Robert Fielder with assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and petty theft with a prior conviction for grand theft (§ 666). To enhance his sentence pursuant to section 667.5, subdivision (b), the information alleged appellant had suffered five prior felony convictions for which he had served prison terms.

Appellant, exercising the election found in *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], represented himself at trial. After the prosecution had presented its case, the trial court granted appellant's motion for a judgment of acquittal (§ 1118.1) in regard to the charge of felonious assault. The jury convicted appellant of petty theft.

In a court trial,the court found appellant had been previously convicted of grand theft within the meaning of section 666. The court also found that three of the five prior convictions were true within the meaning of section 667.5, subdivision (b). The court imposed the upper term of three years for the conviction of petty theft with a prior and three one-year enhancements for the prior convictions. Appellant therefore received a six-year sentence.

On this appeal, appellant does not contest the sufficiency of the evidence to sustain his conviction for petty theft with a prior. Instead, he raises two unrelated contentions.

He first contends "[t]he evidence is insufficient to sustain two of the three prior prison term enhancements." In the published portion of this opinion, we hold that in order for the prosecution to avoid application of the five-year "washout" provision of section 667.5, subdivision (b), it is only required to prove beyond a reasonable doubt that appellant either committed a new offense resulting in a felony conviction *or* was in prison custody. We reject appellant's argument that the prosecution must prove both elements to preclude application of the "washout" provision. However, we conclude there is merit to appellant's argument there is insufficient evidence to support the trial court's finding that the prosecutor established beyond a reasonable doubt facts sufficient to preclude application of the "washout" provision to two of the three prior prison term enhancements. Because double

---

[1] All subsequent undesignated statutory references are to the Penal Code.

jeopardy does not bar retrial of prior convictions even when, as here, an appellate court finds a lack of substantial evidence, we will reverse the court's findings on that point, vacate the sentence, and remand for a retrial of the two prior prison term enhancements.

Secondly, appellant contends the trial court improperly denied his request that counsel be appointed to file a new trial motion on his behalf. In the nonpublished portion of this opinion, we find no prejudicial error.

## PROCEDURAL AND FACTUAL BACKGROUND

### A.  Evidence About Appellant's Commission of Petty Theft[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B.  Evidence About the Prior Convictions

The information alleged appellant had been convicted of five prior felonies. According to the information, he did not remain free of prison custody and did commit an offense resulting in a felony conviction during a period of five years after the conclusion of each term served as described in section 667.5, subdivision (b). These five felonies were: (1) case number A567959, a June 5, 1985 conviction of grand theft auto (§ 487); (2) case number A570651, a June 23, 1986 conviction of transportation, sale, or giving away of controlled substances (Health & Saf. Code, § 11352, subd. (a)); (3) case number GA003914, an August 31, 1990 conviction of transportation, sale, or giving away of controlled substances (Health & Saf. Code, § 11352, subd. (a)); (4) case number GA016184, an October 8, 1993 conviction of possession of cocaine base for sale (Health & Saf. Code, § 11351.5); and (5) case number RIF76202, a November 14, 1997 conviction of the manufacture, import, sale, supply, or possession of certain weapons and explosives (§ 12020, subd. (a)).

During the court trial on the section 667.5, subdivision (b) enhancements, the prosecution introduced into evidence, without any objection from appellant, two prison packets. (§ 969b.) In addition, the court considered the evidence offered to prove appellant had previously been convicted of grand theft within the meaning of "petty theft with a prior." Taken together, these documents established the following facts about appellant's prior convictions.

First, appellant was convicted of grand theft on June 5, 1985. Appellant served time in prison from June 28, 1985, until his parole on January 22,

---

[*]See footnote, *ante*, page 1221.

1986. He was arrested while on parole, his parole was revoked, and he was returned to custody on June 2, 1986.

Second, appellant was convicted of transportation or sale of controlled substances on June 23, 1986. He served prison time for this conviction from July 7, 1986, until he was paroled on February 10, 1988. On October 25, 1988, appellant's parole was revoked and he was returned to custody. Parole was reinstated on December 22, 1988, and appellant was ultimately discharged from prison on January 21, 1990.

Third, appellant was convicted of sale and possession of controlled substances in August of 1990. Instead of being sent to prison after the third conviction he was committed on October 29, 1990, to the California Rehabilitation Center (CRC).

Fourth, appellant was convicted of possession of cocaine base for sale on October 8, 1993. He was again committed to CRC where he remained until August 3, 1994.

Fifth, appellant was convicted of the manufacture and sale of weapons and explosives on November 14, 1997. He entered state prison on April 8, 1998, and was paroled on September 8, 1998. In the following years, his parole was revoked and he was returned to prison on two occasions. He remained in prison until August 16, 2001, when he was again paroled. While on parole, he committed the instant offense (petty theft with a prior) on April 5, 2002.

For purposes of section 667.5, subdivision (b), the court found three of the five alleged prior convictions were true: the 1985 conviction for grand theft, the 1986 conviction for the transportation or sale of a controlled substance, and the 1997 conviction for the manufacture and sale of weapons. The trial court held that although appellant was convicted of drug offenses in, respectively, 1990 and 1993, those convictions could not be used to enhance his sentence under section 667.5, subdivision (b) because appellant had not served prison terms for either of those two offenses since on each occasion he had been committed to CRC instead of being sent to state prison. However, the court also ruled that those two drug convictions meant there was never a five-year period in which appellant did not commit and was not convicted of a new felony.[2] The court therefore ruled that the 1985, 1986, and 1997

---

[2] The court stated: "There is no five year period where he is felony free. There may be two of these priors [the 1990 and 1993 drug convictions] that he does not go to the joint or to state prison. [¶] . . . But in terms of the wash out period, there is no five year wash out between priors unless two things occur. He has to be free of the commission of a new felony offense resulting in a conviction and he has to be free of prison custody. He may have been free of a new prison commitment [because he was committed instead to CRC], but it appears to me

convictions could be used to enhance appellant's sentence pursuant to section 667.5, subdivision (b).

## DISCUSSION

### I.

Appellant does not contest that the trial court properly imposed a one-year section 667.5, subdivision (b) enhancement for his 1997 conviction. Instead, he contends the court erred in imposing additional enhancements for his 1985 and 1986 convictions. He has two separate arguments. The first is that the five-year "washout" provision precludes imposition of those two one-year enhancements because his third and fourth convictions resulted in confinement to CRC, not incarceration in state prison. The second is that the evidence is insufficient to show that he did not remain free for a five-year period of committing a new offense resulting in a felony conviction after he completed service of his terms on the 1985 and 1986 convictions. We discuss each one separately.

---

there was no five year period where he was free of a felony conviction. So it looks to me like you have three one year priors. . . . [¶] '85 he goes on a car theft to prison. He goes to parole. He gets paroled on that case and then in 1990 he is convicted of another 11352 but does not go to prison on that one. . . . He went to C.R.C. Then he gets paroled from that one and then in '93 picks up another 11351.5, rock cocaine for sales. He gets a conviction on it and then he goes to C.R.C. again. . . . [¶] Gets out of C.R.C. and then in '97 he picks up this 12020. He gets convicted and goes to prison. . . . Then he picks up our case, April 5th, 2002. So it is clear that there is no wash out. There is no five year wash out period."

Later in the hearing, the court explained: "[T]he question [is] whether those two CRC matters can qualify as felony convictions so as to forestall the washout period. And my belief is that they are still quote-unquote felony convictions. The underlying conduct was felony charged, and one was a 11352, I think, one, a 11351.5. They are felonies. It's felony conduct that brought you before the court. You were found guilty beyond a reasonable doubt or pled guilty to those charges. And the fact that there was a civil commitment thereafter, as opposed to punishment, to me doesn't take away from the fact that they are felony convictions. For example, they are still felony convictions for purpose of impeachment at trial. The law is clear on that point. They are felonies for purposes having to do with immigration and things of that nature. So they forestall the washout period, in my view, at least, although they are not, at any rate, usable as one-year priors in their own right. [¶] . . . So my ruling, just so you understand it, is that you have got three. I'm going to find three of those priors true. And the reason is because on each of those cases, the three I'm going to find true, you were convicted of a felony. You went to state prison. And there was no five-year period where you remained free of both prison custody and the commission of a new felony offense and the conviction, in fact, of a new felony offense. . . . The court will find true the allegations pursuant to 667.5(b) as it applies to A567959, RIF . . . 76202 and A570651. The court will find those true. *I'm convinced beyond a reasonable doubt that those qualify as 667.5(b) priors for the reasons stated.*" (Italics added.)

## A. The "Washout" Period

Section 667.5 provides in relevant part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: . . . (b) Except where subdivision (a) [concerning violent felonies] applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of *both* prison custody *and* the *commission of an offense* which results in a felony conviction. . . ." (Italics added.) The last phrase is commonly referred to as the "washout rule" where a prior felony conviction and prison term can be "washed out" or nullified for the purposes of section 667.5.

According to the "washout" rule, if a defendant is free from both prison custody *and* the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply. (§ 667.5, subd. (b); see also 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Punishment, § 335, p. 433.) Both prongs of the rule, lack of prison time *and* no commission of a crime leading to a felony conviction for a five-year period, are needed for the "washout" rule to apply. This means that for the prosecution to prevent application of the "washout" rule, it must show a defendant *either* served time in prison *or* committed a crime leading to a felony conviction within the pertinent five-year period. (*People v. Elmore* (1990) 225 Cal.App.3d 953, 957 [275 Cal.Rptr. 315] ["washout" period does not apply if defendant committed a new offense resulting in a felony conviction within five years even without a showing he was incarcerated in state prison as a result thereof]; *People v. Young* (1987) 192 Cal.App.3d 812, 816 [237 Cal.Rptr. 703] ["We hold that the statute requires a convicted felon to remain free from prison custody and the commission of an offense resulting in a felony conviction for a single, continuous five-year period in order to avoid the enhancement provided in section 667.5, subdivision (b)"]; and *People v. Jackson* (1983) 143 Cal.App.3d 627, 631 [192 Cal.Rptr. 7] ["It is self-evident that no five-year period elapsed in which appellant was free from both prison custody *and* the commission of offenses resulting in felony convictions as required by section 667.5, subdivision (b) in order to avoid enhancement"].) This construction furthers the legislative intent behind enactment of section 667.5, subdivision (b) of "increasing the punishment incurred by repeat offenders and thereby deterring recidivism. [Citations.]" (*People v. Walkkein* (1993) 14 Cal.App.4th 1401, 1410 [18 Cal.Rptr.2d 383].)

Appellant's arguments to the contrary are not persuasive.

He first asserts that in deciding whether there was a five-year period in which he remained free from prison custody and commission of an offense resulting in a felony conviction, the 1990 and 1993 convictions can not be considered because in those two instances he was committed to the CRC instead of being sent to state prison. We disagree.

Appellant cites authorities which have held that "[a] period of commitment at CRC is not 'confinement imposed *"as punishment* for commission of an offense" ' [citation], and does not subject [a defendant] to having his present sentence enhanced under the provisions of Penal Code section 667.5." (*People v. Shoals* (1992) 8 Cal.App.4th 475, 501 [10 Cal.Rptr.2d 296], citing *People v. Lara* (1979) 95 Cal.App.3d 247 [158 Cal.Rptr. 847]; see also *People v. Valdez* (1994) 24 Cal.App.4th 238, 243 [30 Cal.Rptr.2d 102].) The legal principle is correct but inapplicable to this case. By relying upon those cases to argue his commitments to CRC should govern determination of whether he committed a new offense resulting in a felony conviction, appellant is mixing the proverbial "apples and oranges." Those cases addressed whether a conviction that resulted in a commitment to CRC could later serve as an enhancement under section 667.5, subdivision (b). Those decisions held such a conviction could not serve as an enhancement under that statute because one of the required elements was missing: imprisonment as a result of the conviction. The decisions recognized that section 667.5, subdivision (b) imposed a sentencing enhancement based upon "the *service* of prior *prison terms* rather than the sustaining of prior *convictions*."[3] (*People v. Lara, supra,* 95 Cal.App.3d at p. 249.) That, in fact, was the conclusion the trial court reached in finding the 1990 and 1993 convictions did not qualify as section 667.5, subdivision (b) enhancements. (See fn. 2, *ante.*) That conclusion, however, does not assist us in determining whether a conviction resulting in CRC commitment means a defendant can or cannot qualify for the "washout" period in regard to an unrelated conviction for which he did serve a prison term.

As set forth above, section 667.5, subdivision (b) specifically provides that for the "washout" period to apply, the defendant must be free from both prison custody *and* commission of an offense that results in a felony conviction. Here, while appellant was free from prison custody because his commitments to CRC do not constitute prison terms, he was not free from committing new offenses that resulted in felony convictions. He committed two drug-related felonies that led to his convictions in 1990 and 1993 that, in

---

[3] " 'The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b).' [Citations.]" (*People v. Maki* (1984) 161 Cal.App.3d 697, 700 [207 Cal.Rptr. 777].)

turn, led to the two separate CRC commitments. He therefore was not entitled to the benefit of the "washout" rule.

Appellant cites *People v. Shoals, supra,* 8 Cal.App.4th 475, which held that in order to avoid the application of the "washout" provision, the prosecution had to prove both prison custody and conviction of a felony. We decline to follow that decision because it is based upon a misreading of the pertinent statutory language. There, the prior in issue was a 1984 second degree burglary conviction for which the defendant was sentenced to state prison. (*Id.* at pp. 484 & 499.) In 1985, the defendant was discharged from parole for that offense. (*Id.* at pp. 500 & 501.) In 1987, he pled guilty to several drug offenses and was committed to CRC. (*Id.* at p. 500.) In 1990, he committed another drug offense. (*Id.* at p. 481.) In the prosecution of the 1990 offense, the People alleged the 1984 conviction offense pursuant to section 667.5, subdivision (b). After conducting a bench trial, the court found the prosecutor had proved the 1984 conviction met the requirements of a section 667.5, subdivision (b) enhancement. (*Id.* at p. 499.)

On appeal, the defendant contended there was insufficient evidence to support that finding because the prosecution had failed to prove the defendant "did not remain free for five years from both prison custody *and* the commission of an offense which resulted in a felony conviction." (*People v. Shoals, supra,* 8 Cal.App.4th at p. 499, italics added.) The appellate court agreed. After canvassing the evidence, it held: "[P]roof of felony convictions *and* prison custody during the five-year washout period after appellant's discharge from parole [in 1985] is not established." (*Id.* at p. 500.) The *Shoals* court found there was no evidence the defendant had "served a term of prison custody between his [1985] discharge from parole" for the 1984 burglary and the commission of the present offense in 1990 because in the intervening period he had been committed to CRC following his 1987 guilty pleas to various drug offenses. (*Id.* at p. 501.) While the *Shoals* court correctly concluded the defendant's 1987 commitment to CRC was not "prison custody," it incorrectly assumed that the prosecution had to show both prison custody and proof of a felony conviction to avoid application of the "washout" provision. As explained above, that approach is incorrect. Application of the "washout" provision requires the presence of two elements: no prison custody *and* no commission of an offense resulting in a new felony conviction for a five-year period. Therefore, for the prosecution to avoid application of the "washout" provision, it need only show one of those elements has occurred. To the extent *People v. Shoals* holds to the contrary, we respectfully disagree with its holding.[4]

---

[4] Appellant's reliance on *People v. Tenner* (1993) 6 Cal.4th 559 [24 Cal.Rptr.2d 840, 862 P.2d 840] and *People v. Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840] is misplaced. The issue at bench was not addressed in either of those decisions.

■ Lastly, appellant urges convictions of offenses leading to CRC commitments are not felony convictions for the purposes of the "washout" rule because the purpose of CRC commitment is to treat and rehabilitate narcotics addicts. We disagree. Pursuant to Welfare and Institutions Code section 3051, the predicates of appellant's commitments to CRC were his convictions of felonies. (See also 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Public Peace and Welfare, §§ 129–130, pp. 646–651.) These convictions are sufficient to show appellant did not fulfill the requirement of the "washout" period of remaining "felony free"; he committed new offenses resulting in felony convictions. In sum, we conclude commission and conviction of an offense that leads to CRC commitment is a felony conviction for the purposes of the "washout" rule. Our conclusion furthers the legislative intent behind section 667.5, subdivision (b) "to impose additional punishment upon a felon whose prior prison term failed to deter him or her from *future* criminal conduct." (*People v. Medina* (1988) 206 Cal.App.3d 986, 991 [254 Cal.Rptr. 89]; see also *In re Panos* (1981) 125 Cal.App.3d 1038, 1041 [178 Cal.Rptr. 483] [the purpose of the statute "is to provide an additional punishment component 'for prior imprisoned recidivist offenders' "].)

## B. Insufficient Evidence

Appellant next urges the 1985 and 1986 convictions were "washed out" for purposes of applying the enhancement provision "because the evidence is insufficient to show that the offenses related to [his] 1990 and 1993 CRC Commitments were committed within the requisite five-year period."

■ The prosecution has the burden of proving beyond a reasonable doubt each element of the section 667.5, subdivision (b) sentence enhancement, including the fact of no five-year "washout" period. (*People v. Elmore, supra,* 225 Cal.App.3d 953, 959–960.) When, as here, a defendant challenges on appeal the sufficiency of the evidence to sustain the trial court's finding that the prosecution has proven all elements of the enhancement, we must determine whether substantial evidence supports that finding. The test on appeal is simply whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the enhancement beyond a reasonable doubt. In that regard, in conformity with the traditional rule governing appellate review, we must review the record in the light most favorable to the trial court's finding(s). (*Id.* at pp. 959–960.)

■ As set forth earlier, subdivision (b) of section 667.5 provides the sentence enhancement cannot be imposed "for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction . . . ." Subdivision (d) of section 667.5 provides: "For the purposes of this section,

the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole, whichever first occurs." (See *People v. Nobleton* (1995) 38 Cal.App.4th 76, 84–85 [44 Cal.Rptr.2d 611] [five-year "washout" period begins when defendant is first paroled, not when he is later discharged from parole].) Consequently, a defendant will gain the benefit of the "washout" period *if for any five-year period following discharge from prison custody or release on parole*, he remains free of both prison custody and the commission of an offense resulting in a felony conviction. (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 84 [119 Cal.Rptr.2d 465]; *People v. Jackson, supra,* 143 Cal.App.3d 627, 631.)

The bone of contention on this appeal is whether there is substantial evidence to support the trial court's finding that there was no five-year period in which appellant did not commit a new offense resulting in a felony conviction after he was released on parole for the 1985 and 1986 convictions.[5] In that regard, the pertinent chronology is the following.

In 1985, appellant was convicted of grand theft. He was imprisoned from June of 1985 until he was paroled in January of 1986. He was arrested for the transportation or sale of controlled substances while he was on parole and was convicted of this second felony on June 23, 1986, and served prison time for that offense from July 1986 to February 1988. In December 1988, parole was revoked on the 1986 conviction and then reinstated. In January 1990, appellant was discharged from parole.

In August of 1990, appellant was convicted of his third felony offense. While it is true, as appellant notes, that the record does not indicate when he *committed* the offense that led to his 1990 conviction and commitment to CRC, that omission is not fatal. Appellant had been paroled in, respectively, 1986 and 1988, for the 1985 and 1986 convictions. Because he was convicted in August 1990 of the drug offense, the court, as trier of fact, could reasonably infer he committed the drug offense sometime between 1988 and 1990, well short of five years of his releases on parole for the 1985 and 1986 convictions. Consequently, *at that point* there was no "washout" period.

The more problematic issue is the date of appellant's commission of the offense that led to his 1993 CRC commitment. While the documentary evidence presented to the trial court established he was convicted on October 8, 1993, it did not establish when he committed the offense. Given that his next felony conviction was on November 14, 1997, appellant urges that "[i]f

---

[5] We granted rehearing on our own motion to reconsider our analysis of the five-year "washout" period and its factual application to this case.

the offense resulting in the October 8, 1993 'conviction' was committed prior to November 14, 1992, the 1985 and the 1986 prior convictions would 'wash out' " "because the prison terms [for those two convictions] were served prior to a five year period in which appellant was prison-free and felony-free—November 14, 1992 to November 14, 1997." (Fn. omitted.) He argues "[t]here is simply no evidence in the record to support an inference that the offense [resulting in the October 8, 1993 conviction] was committed during the five year period prior to appellant's 1997 conviction." (Fn. omitted.) He notes that the "chronological history" furnished by the Department of Corrections and submitted to the trial court indicated he was arrested on March 15, 1992, so that "it is in fact feasible that the offense [resulting in the October 8, 1993 conviction] was committed outside of the requisite time period."

However, that same chronological history also indicates appellant was arrested on July 16, 1993. Nonetheless, the bare-bones fact of a July 16, 1993 arrest does not constitute substantial evidence from which a reasonable trier of fact could infer that this latter arrest was for the offense for which appellant was ultimately convicted on October 8, 1993. At most, that would be speculation, but " 'speculation is not evidence, less still substantial evidence.' " (*People v. Waidla* (2000) 22 Cal.4th 690, 735 [94 Cal.Rptr.2d 396, 996 P.2d 46].) Simply stated, the prosecutor failed to present adequate proof to the trial court that there was no continuous five-year period in which appellant did not commit a new offense which resulted in a felony conviction. Had the prosecutor presented documentary evidence of when appellant had committed the crime that resulted in his October 8, 1993 conviction, this problem would not exist. Because the prosecutor failed to present such evidence, the record lacks substantial evidence to support the trial court's finding there was never a five-year period following appellant's service of his prison terms for the 1985 and 1986 convictions in which he either was not in prison custody or did not commit an offense resulting in a felony conviction. (See fn. 2, *ante*.) We will therefore vacate that finding and strike the two one-year sentence enhancements imposed as a result of the finding.

■ Retrial of prior conviction findings is not barred by the state or federal prohibitions on double jeopardy even when a prior conviction finding is reversed on appeal for lack of substantial evidence. (*Monge v. California* (1998) 524 U.S. 721 [141 L.Ed.2d 615, 118 S.Ct. 2246]; *People v. Monge* (1997) 16 Cal.4th 826 [66 Cal.Rptr.2d 853, 941 P.2d 1121]; *Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296 [104 Cal.Rptr.2d 131]; *People v. Scott* (2000) 85 Cal.App.4th 905 [102 Cal.Rptr.2d 622].) We will therefore remand the case for retrial to permit the prosecution to produce adequate evidence to support application of the section 667.5, subdivision (b) enhancement to the prison terms served for the 1985 and 1986 convictions.

The Attorney General's brief points out that at sentencing the trial court commented that appellant's criminal history disclosed other prior convictions. Those other convictions had been alleged in the information under section 1203, subdivision (e)(4) to preclude a grant of probation[6] but had not been alleged pursuant to section 667.5, subdivision (b). Against that backdrop, the Attorney General states: "[I]t appears that appellant may be subject to additional prior prison term enhancements . . . . [S]hould this Court find that the prior prison term enhancements were improperly imposed, remand is appropriate for the trial court to conduct additional proceedings and impose any applicable enhancements." Citing only *In re Bower* (1985) 38 Cal.3d 865 [215 Cal.Rptr. 267, 700 P.2d 1269], appellant's reply brief contends "the prosecution should not be permitted the opportunity to prove any prior prison term enhancements other than [the two] for which [this court concludes] the evidence is insufficient. . . . [S]uch an attempt would be retaliatory and a vindictive prosecutorial response to a successful challenge to the enhancements." The Attorney General has not responded to this latter point.

Both parties have overlooked the fact that were the trial prosecutor to seek punishment for additional enhancements, he or she would first have to seek leave of court to amend the information to include the new sentencing allegations. Section 969a provides that "[w]henever it shall be discovered that a pending . . . information does not charge all prior felonies of which the defendant has been convicted, . . . said . . . information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court . . . ." Because the parties have not acknowledged this principle, neither has briefed its application to this fact pattern. We note that case law has held that an amendment to allege new prior convictions is permitted after the grant of a mistrial (*Levy v. Superior Court* (1973) 31 Cal.App.3d 427 [107 Cal.Rptr. 384]), after the jury has returned its verdict and before the jury was discharged (*People v. Valladoli* (1996) 13 Cal.4th 590 [54 Cal.Rptr.2d 695, 918 P.2d 999]), but not after the jury has returned its verdict and been discharged (*People v. Tindall* (2000) 24 Cal.4th 767 [102 Cal.Rptr.2d 533, 14 P.3d 207]). We have not found any case permitting use of section 969a following remand from an appellate court for a retrial. And the procedural posture of this case—remand after a successful defense appeal—potentially implicates two constitutional principles: the due process protection against prosecutorial vindictiveness (see, in general, 1 Witkin & Epstein, Cal. Criminal Law, *supra*,

---

[6] Section 1203, subdivision (e) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . (4) Any person who has been previously convicted twice in this state of a felony . . . ."

In regard to this sentencing allegation, the court stated: "I'm not going to take any action as to that finding. It won't make any difference as to the ultimate outcome of this case."

Defenses, §§ 153–157, pp. 503–512) and the state constitutional prohibition on double jeopardy which bars imposition of a more severe punishment on resentencing following a successful appeal. (*People v. Hanson* (2000) 23 Cal.4th 355, 363–366 [97 Cal.Rptr.2d 58, 1 P.3d 650].) If the prosecutor in this case were to seek leave to amend the information to include additional section 667.5, subdivision (b) allegations, the trial court would have ample opportunity to decide if section 969a applied to this fact situation and, if it did, whether any constitutional principles militated against its application. We therefore express no opinion on the matter.

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed except that appellant's sentence is vacated, the findings that the prior convictions alleged in cases A567959 and A570651 were true within the meaning of section 667.5, subdivision (b) are reversed, and the matter is remanded for a retrial in accordance with the views expressed herein.

Epstein, J., and Curry, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 30, 2004.

---

*See footnote, *ante*, page 1221.