Filed 11/14/13  P. v. Gibson CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>     **Plaintiff and Respondent,**<br><br>          **v.**<br><br>**TERRELL GIBSON,**<br><br>     **Defendant and Appellant.** | **A135199**<br><br><br>**(Contra Costa County<br>Super. Ct. No. 05-111827-2)** |

Terrell Gibson (appellant) appeals following his conviction by a jury of unlawfully taking or driving a motor vehicle (Veh. Code, § 10851, subd. (a)).  He contends the trial court erred in imposing two one-year prison term enhancements under Penal Code section 667.5, subdivision (b) because there was insufficient evidence to support imposition of the enhancements.  Respondent concedes the error.

## BACKGROUND

In November 2011, the Contra Costa County District Attorney filed an information charging appellant with unlawfully driving a motor vehicle (Veh. Code, § 10851, subd. (a); count 1) and receiving stolen property (Pen. Code, § 496d; count 2).  Among other things, the information alleged appellant served two prior prison terms for convictions in 1987 and 1994 (Pen. Code, § 667.5, subd. (b)).[1]

---

[1]  All undesignated section references are to the Penal Code.

A jury found appellant guilty on count 1. The trial court found true the prison term and other enhancement allegations. Subsequently, the court sentenced appellant to a prison term of four years on count 1, plus two one-year terms under section 667.5, subdivision (b), for a total of six years. This appeal followed.

DISCUSSION

Appellant contends the trial court erred in imposing the two one-year enhancements under section 667.5, subdivision (b), because the prosecution failed to prove he failed to remain free of custody and a felony conviction for five years. Respondent concedes the error.

Section 667.5, subdivision (b) provides, in pertinent part, that in any felony case where prison is imposed, "the court shall impose a one-year term for each prior separate prison term . . . for any felony; provided that no additional term shall be imposed under this subdivision for any prison term . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody . . . ." "The last phrase is commonly referred to as the 'washout rule' where a prior felony conviction and prison term can be 'washed out' or nullified for the purposes of section 667.5. [¶] According to the 'washout' rule, if a defendant is free from both prison custody *and* the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply." (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229 (*Fielder*).) "The prosecution has the burden of proving beyond a reasonable doubt each element of the section 667.5, subdivision (b) sentence enhancement, including the fact of no five-year 'washout' period." (*Fielder*, at p. 1232.)

On appeal, respondent concedes the prosecution failed to prove beyond a reasonable doubt that the prison terms resulting from the 1987 and 1994 convictions did not "washout." The parties agree the evidence showed the last date of prison custody was September 23, 2002. Appellant admitted at trial to a 2007 felony conviction for petty theft with priors, but he did not testify as to the precise date of the conviction. Neither did the prosecution present evidence of the date of the conviction. Because the

2

prosecution did not present evidence that appellant was returned to prison or suffered a new felony conviction in the five years between September 23, 2002 and September 23, 2007, the trial court erred in imposing two one-year sentence enhancements under section 667.5, subdivision (b).

Respondent points out there is no double jeopardy bar to proving enhancements following an appellate court reversal of an enhancement finding for insufficient evidence (*Monge v. California* (1998) 524 U.S. 721, 734; *People v. Barragan* (2004) 32 Cal.4th 236, 241-242), and respondent requests an opportunity to prove on remand the washout rule does not apply. Appellant does not object to that request.

## DISPOSITION

Appellant's conviction is affirmed, but the sentence imposed by the trial court is reversed. The matter is remanded for further proceedings consistent with this decision, including an opportunity for respondent to present evidence supporting the imposition of the section 667.5, subdivision (b) enhancements.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.