Filed 4/18/14  P. v. Robinson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDDIE DEWAYNE ROBINSON,<br><br>Defendant and Appellant. | F066527<br><br>(Super. Ct. No. RF6258A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Hassan Gorguinpour, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Gomes, J. and Kane, J.

## INTRODUCTION

On January 23, 2012, appellant, Eddie Dewayne Robinson, was charged in a criminal complaint with felony drunk driving with a qualifying prior drunk driving conviction (Veh. Code, §§ 23152, subd. (a) & 23550.5, count 1) and felony driving under the influence with a blood alcohol level of .08 percent or higher and a qualifying prior drunk driving conviction (Veh. Code, §§ 23152, subd. (b) & 23550.5, count 2). Enhancements were alleged that appellant's blood alcohol level was .15 percent or greater, he was not eligible for sentencing pursuant to Penal Code section 1170, subdivisions (h)(3) and (f), and for five prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

On March 13, 2012, the trial court suspended proceedings to have appellant's competency to stand trial evaluated pursuant to Penal Code section 1368. Dr. Michael Gunther was appointed to evaluate appellant. On April 3, 2012, the court received the report of Dr. Gunther and found appellant competent to stand trial. Dr. Gunther was reappointed to evaluate appellant a second time on June 7, 2012. After receiving Dr. Gunther's second report on July 3, 2012, the trial court denied defense counsel's request for a second report by another doctor and the motion to suspend proceedings pursuant to Penal Code section 1368.

After several continuances, defense counsel secured a second psychological report. On October 25, 2012, the parties stipulated that the doctors would testify in accordance with their reports and the trial court found appellant competent to stand trial. On November 8, 2012, the parties entered into a plea agreement. Appellant initialed and executed a felony advisement of rights, waiver, and plea form, setting forth that in exchange for admitting count one and two prior prison term enhancements, appellant would receive a prison term of two years on count one and a consecutive term of two years on the prior prison term enhancements. The remaining allegations would be

2

dismissed. Appellant acknowledged the consequences of his plea as well as his constitutional rights pursuant to *Boykin*/*Tahl*.[1] Appellant waived his constitutional rights.

At the change of plea hearing on November 8, 2012, the parties described the term of appellant's confinement as a lid term. The court questioned appellant and established that he initialed and executed the waiver form, discussed it with his attorney, understood the form and the plea agreement, and had no questions concerning the plea agreement. Appellant pled no contest to count 1 and admitted two of the prior prison term enhancements.

On December 20, 2012, the trial court sentenced appellant according to the terms of the plea agreement to prison for a total term of four years. The court imposed a restitution fine of $240, and imposed various other fines and fees. The court granted appellant custody credits of 298 days for actual time in custody and 298 days of conduct credits, for total custody credits of 596 days.

Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

At 6:40 p.m. on December 10, 2011, appellant was stopped for a traffic stop. The detaining officer noticed the strong smell of alcohol from appellant's vehicle. A records check showed appellant's driver's license was suspended or revoked for several past drunk driving convictions within the past 10 years. When asked if he drank any alcohol, appellant explained that every day he drinks a gallon of vodka by sipping it all day. Appellant smelled of alcohol from his breath, was unable to perform the field sobriety tests, and had blood alcohol tests with contents of .29 percent and .30 percent.

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

3

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 8, 2013, we invited appellant to submit additional briefing. Appellant replied with a letter stating that a prior prison term enhancement used in his case was for an offense he did not go to prison for and had run.

Appellant admitted prior prison term enhancements for convictions he suffered in 2006 and 1993. Between 1993 and 1995, appellant was in prison and was paroled in 1995 after multiple parole violations. Appellant was again imprisoned in 1996, committed numerous parole violations, and was finally discharged from prison in 2002. Appellant was again imprisoned in 2006, released, violated parole, and was placed back on parole in 2008. Appellant committed the present offense in December 2011 and was convicted of it in November 2012. Appellant has not been free of prison incarceration, or from a new conviction, for a span of time of five years or more between 1993 and the present. He is, therefore, ineligible for the so called "washout rule." (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1230-1231.) We find no merit to his arguments that an improper prior prison term enhancement was used in his case or the five-year washout rule had run on either prior prison term enhancement he admitted.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.

4