Filed 10/14/14  P. v. Campos CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B250341 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA084867) |
| v. | |
| SALVADOR ARELLANO CAMPOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Darrel S. Mavis, Judge.  Affirmed in part; reversed in part and remanded.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant Salvador Arellano Campos was convicted of several offenses after shooting a rifle from a vehicle, aiming at the parents of his then-girlfriend. On appeal, he challenges the imposition of a one-year enhancement pursuant to Penal Code section 667.5.[1] As respondent concedes, the enhancement must be stricken because the prosecution did not prove it, and the court did not find it true. We strike the enhancement and otherwise affirm the judgment.

## FACTS AND PROCEDURE

On November 26, 2011, Oscar DeLeon told defendant, his daughter's boyfriend, he had to leave the family home. Defendant finally left, but not until after he punched DeLeon and threatened to kill him. Later that evening, as DeLeon walked with his wife, defendant drove alongside them, pointed a rifle at them and fired two or three shots.[2]

In the third amended information, defendant was charged with two counts of attempted murder (§§ 664, 187), two counts of assault with a firearm (§ 245, subd. (a)(2)), shooting from a motor vehicle (former § 12034, subd. (c)), and discharge of a firearm with gross negligence (§ 246.3, subd. (a)). With respect to the assaults, it was alleged defendant personally used a firearm within the meaning of section 12022.5. It also was alleged defendant suffered a prior conviction within the meaning of section 667.5, subdivision (b).

Defendant was convicted of two counts of assault with a firearm, shooting from a motor vehicle, and discharging a firearm with gross negligence. Jurors also found that defendant personally used a firearm within the meaning of section 12022.5. Defendant was sentenced to prison for three years for the assault and an additional 10 years for the use of the firearm. The sentence on the remaining assault was ordered to

---

[1]     Undesignated statutory citations are to the Penal Code.

[2]     The record is not clear whether DeLeon was married or referred to his girlfriend as his wife.

2

run concurrently. The court stayed the sentence on the negligent discharge of a firearm. The court imposed the one-year prior prison term enhancement pursuant to section 667.5, subdivision (b). The total aggregate term was 14 years.

## DISCUSSION

Defendant argues and respondent concedes that the one-year enhancement for having served a prior prison term pursuant to section 667.5, subdivision (b) must be stricken.

Section 667.5, subdivision (b) is an enhancement that applies to a new offense because of a prior prison term when the defendant did not remain free of prison custody and committed an offense leading to a felony conviction within five years after the conclusion of his prison term. In this case, the prosecution did not prove the elements of the sentence enhancement, and the trial court did not make a finding that defendant fell within the ambit of the statute. Therefore, the court erred in imposing the enhancement. (*Pollack v. Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372-373 ["It is a well-established principle in our law that, when a prior conviction is relied upon as a means of empowering a court to impose increased criminal penalties, the indictment or complaint must allege the prior conviction and, unless, admitted, it must be proven."]; *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1232 ["The prosecution has the burden of proving beyond a reasonable doubt each element of the section 667.5, subdivision (b) sentence enhancement . . . ."].)

Retrial of the prior conviction finding is not barred by double jeopardy principles. (*People v. Fielder, supra*, 114 Cal.App.4th at p. 1234.) We will therefore remand this case to the trial court.

## DISPOSITION

The judgment is affirmed except that the one-year enhancement pursuant to section 667.5, subdivision (b) is stricken. The case is remanded to the trial court for resentencing. Upon issuance of the remittitur, the district attorney shall have 30 days to elect to retry the enhancement. If the district attorney does not elect to retry the

enhancement, it shall be permanently stricken and the court shall sentence defendant to a 13-year aggregate term.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.