Filed 7/8/16  P. v. Obrien CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>COLIN NEAL OBRIEN,<br><br>  Defendant and Appellant. | F070105<br><br>(Super. Ct. No. BF153751A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Ronald Richard Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Franson, J. and Peña, J.

Appellant Colin Neal Obrien appeals his sentence on one count of possession of a controlled substance for sale (Health & Saf. Code, § 11378, subd. (a)) with two prior serious or violent felony convictions (Pen. Code, § 667, subd. (e)) and one prior prison term enhancement (Pen. Code, § 667.5, subd. (b)). Appellant contends insufficient evidence supports the one-year prior prison term enhancement included with his sentence. Appellant separately requests this court conduct an independent review of the materials considered in response to appellant's pretrial *Pitchess*[1] motion. For the reasons set forth below, we reverse and remand with respect to the prior prison term enhancement and affirm with respect to the *Pitchess* request.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2014, Kern County probation officers conducted a probation search of a residence where appellant was residing. In the course of that search, the probation officers found a digital scale, used syringes, and 29.23 grams of methamphetamine, among other items, each in close proximity to appellant's mail.

Appellant was charged with possession of a controlled substance for sale (count 1), including enhancement allegations for three prior serious or violent felony convictions and three prior prison terms;[2] possession of a controlled substance (Health & Saf. Code, § 11377/count 2), including enhancement allegations for three prior serious or violent felony convictions and three prior prison terms;[3] and misdemeanor possession of

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2] At the bifurcated trial on sentencing issues, the trial court recognized the information duplicated allegations related to an alleged July 13, 1998, burglary conviction under Penal Code section 459. These duplicate entries were struck from the pleading. In addition, the court permitted an amendment to the information to change the location of the alleged May 9, 2006, conviction for taking a vehicle without consent under Vehicle Code section 10851 from San Diego County to Kern County.

[3] Count 2 was dismissed after appellant's conviction on count 1. Notably, the prior prison allegations for count 2 were different than count 1 in that they included a

2

drug paraphernalia (Health & Saf. Code, § 11364.1/count 3). Appellant opted for a bifurcated trial, with the guilt phase proceeding before a jury and the prior conviction allegations proceeding before the trial judge.

Prior to trial, appellant moved for discovery of potentially exculpatory evidence and information on dishonesty in relevant police files and personnel records. The trial court found sufficient reasons to conduct an in camera review of relevant personnel records, but determined there was no relevant and discoverable information related to dishonesty in the records and ordered no production.

Appellant was ultimately convicted of count 1 and count 3. His bifurcated trial on the prior conviction and prison term allegations followed. At that trial, the People presented the following evidence regarding appellant's criminal history to support the charged enhancements on count 1:

- For the alleged convictions dated July 13, 1998, and September 24, 1998, under Penal Code section 459, the People relied upon a certified California Law Enforcement Telecommunications System (CLETS) report showing appellant's criminal history (hereafter, rap sheet), and the abstract of judgment for the July 13, 1998 conviction[4] to show the dates of conviction and appellant's intake into prison;

- For the alleged conviction dated March 10, 2003, under Health and Safety Code section 11377, the People relied upon appellant's rap sheet and the relevant abstract of judgment to show appellant was convicted of a felony;

---

March 10, 2003, conviction for possession of a controlled substance under Health and Safety Code section 11377.

[4]     The abstract of judgment for the allegation appellant was convicted of on July 13, 1998, appears to show appellant was convicted on June 15, 1998. Neither party has raised this discrepancy as a relevant issue.

- For each of the above convictions, the People also relied upon appellant's Penal Code section 969b packet to demonstrate he was placed in custody and generally remained detained until being paroled on or around March 8, 2005;
- Finally, for the alleged prior prison sentence served for a conviction dated May 9, 2006, under Vehicle Code section 10851, the People relied upon appellant's rap sheet to show both conviction and sentencing, but did not introduce a Penal Code section 969b packet for this conviction.

Reviewing this evidence, the trial court found true the allegations that appellant had suffered a prior serious or violent felony conviction under Penal Code section 667 with respect to the alleged July 13, 1998, and September 24, 1998, convictions under Penal Code section 459. The court further found true the allegation that appellant had served a prior prison sentence for his July 13, 1998, conviction, following which "he did not remain free of prison custody for and did commit an offense resulting in a felony conviction during the period of five years subsequent to the conclusion of said term."

The court did not, however, find true the allegation that appellant served a prior prison term for the alleged May 9, 2006, conviction under Vehicle Code section 10851. With respect to this allegation, the trial court noted the charge in the information related to appellant's Vehicle Code conviction, but the sentence imposed on that count had been stayed. Although the court recognized a subsequent notation showed a prison intake, it understood this event to relate to any sentence served on appellant's uncharged conviction from the May 9, 2006, proceedings, for receiving stolen property under Penal Code section 496. The People asked the court to both take judicial notice of the fact that appellant served an eight-year prison term with respect to the Penal Code charge and conform the information to the proof provided, but the trial court did not rule on the first request and denied the second request. Accordingly, the court found the proof offered to show appellant had served a prior prison term did not satisfy the charge, and deemed the allegation not proven.

4

In response to this finding, the prosecutor asked whether the court's ruling would create a five-year "washout" issue with respect to the 1998 prior prison sentence. The trial court stated it would "let probation deal with that in their report and then let both counsel be prepared to discuss that issue." The probation officer's report included a one-year enhancement for a prior prison sentence, but included no discussion of this issue. Appellant made no argument on this issue at sentencing and was sentenced to a determinate term of seven years, with credit for time served.

This appeal timely followed.

## DISCUSSION

Appellant raises two points for review. First, appellant claims the trial court improperly added a one-year prior prison term enhancement to his sentence because the evidence fails to show appellant suffered a felony conviction or served time in prison during a five-year period after his 2006 conviction. Relatedly, appellant contends we must strike this portion of his sentence rather than remand for additional proceedings because remand would violate double jeopardy principles. Second, appellant requests we independently review the trial court's *Pitchess* analysis of all documents considered at the in camera hearing.

### *Insufficient Evidence Supports the 1998 Prior Prison Term Allegation*

*Standard of Review and Applicable Law*

The prosecution bears the burden of proving every element of a sentencing enhancement beyond a reasonable doubt. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.) When an insufficient evidence challenge is raised on appeal, we review for substantial evidence. (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1232 (*Fielder*).) "The test on appeal is simply whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the enhancement beyond a reasonable doubt. In that regard, in conformity with the traditional rule governing appellate review, we must review the record in the light most favorable to the trial court's finding(s)." (*Ibid.*)

5

"A sentence enhancement pursuant to section 667.5, subdivision (b) requires the defendant (1) have a prior felony conviction; (2) be imprisoned as a result of the prior conviction; (3) complete the term of imprisonment; and, (4) not remain free for five years from the prior imprisonment and commission of the new offense that also results in a felony conviction." (*People v. Hutton* (2016) 245 Cal.App.4th 703, 713, fn. omitted.) The fourth prong of this enhancement test is an exemption commonly called the "washout period." "Under the exemption, a defendant who has served a prison prior within the meaning of section 667.5, subdivision (b), but who has remained continuously free from prison custody and who has not committed new felonies for a five-year period is not subject to the enhancement if he or she reoffends." *(Id.* at p. 714.)

*The Record Evidence Does Not Show Appellant Failed to Qualify for the Exemption*

Under the relevant test, the prosecution must effectively prove a negative by showing a defendant has not remained free from prison custody and/or not committed a new felony for any five-year period following release from a charged prior prison term. As it pertains to the case before us, the pertinent question is whether sufficient evidence supports the trial court's implicit finding that there was no five-year period between appellant's apparent imprisonment on May 19, 2006, and commission of the current offenses on or around March 7, 2014, in which appellant was free from prison custody. We conclude the evidence does not support such a finding.

This determination turns on the evidence introduced to show the amount of time, if any, appellant spent in prison following his May 9, 2006, convictions for attempted possession of stolen property under Penal Code section 496 (the Penal Code charge) and taking a vehicle without consent under Vehicle Code section 10851 (the Vehicle Code charge). As noted above, the trial court found the allegation that appellant served a prior prison term under the Vehicle Code charge was not proven based on notations in appellant's rap sheet showing the eight-year prison term for that conviction was stayed. It also stated its understanding, based on the intake notation on appellant's rap sheet, that

6

some prison time was likely served and noted its belief that an eight-year term may have been imposed on the Penal Code charge.

Claiming to "play it safe" and relying upon the conclusion that appellant received an eight-year sentence on the Penal Code charge, the prosecution assumed appellant spent 50 percent of his sentence in prison, arguing his earliest release date would be in 2010. However, the only evidence submitted by the prosecution regarding the Penal Code charge was appellant's rap sheet,[5] which does not directly show the sentence imposed, the credits awarded on any prison time served, or any release date from custody. This lack of evidence is key because there are substantial conflicts in the rap sheet which affect the potential sentence appellant received.[6]

Apparently recognizing the limitations in its evidence, the prosecutor opened the sentencing hearing by asking the court whether it would check its CJIS[7] records to determine what type of custody credits appellant may have received on the 2006

---

[5]     There is no explanation in the record why the prosecutor produced and admitted the abstracts of judgment and Penal Code section 969b packet relating to appellant's 1998 and 2003 convictions, but not his 2006 convictions.

[6]     Appellant calculates the potential sentence on the Penal Code charge at five years (18 months, doubled for his prior strikes, plus two years for prior prison terms), although this calculation does not conform to the three strikes scheme in 2006. But the proper calculations may conflict as well. If the conviction was for an attempt under Penal Code section 496, as shown on the "court" entry, that crime was punishable by "imprisonment in the state prison, or in a county jail for not more than one year," suggesting a lower maximum term, although an eight-year term is theoretically possible if a five-year strike enhancement and two one-year prior prison term enhancements are added. (See former Pen. Code, § 496, subd. (d), as amended by Stats. 1997, ch. 161, § 1; former Pen. Code, § 667, as amended by Stats. 1994, ch. 12, § 1.) If the conviction was for actual possession of a stolen vehicle or vessel under Penal Code section 496d, as suggested by the "custody" entry, that crime was punishable by a maximum base term of three years, suggesting an even higher potential term. (See former Pen. Code, § 496d, subd. (a), added by Stats. 1998, ch. 710, § 1.)

[7]     Although not identified in the record, "CJIS" refers to the "California Justice Information Services."

7

convictions, and to take judicial notice of that fact. Later in the hearing, the prosecutor again asked the court to take judicial notice of its CJIS records to support the assertion that appellant was sentenced to eight-years in prison on the Penal Code charge. The court did not grant either request and no further evidence was submitted regarding the length of appellant's confinement.[8]

If appellant received anything up to a six-year sentence for which he served 50 percent of his time, he may have been released in time to complete the required five‑year period prior to committing his current crimes. While one can envision sentences resulting in an eight-year term on either the Vehicle Code charge—as appellant detailed—or the Penal Code charge, both of which fit at least some portion of the record evidence, both require assumptions and inferences that are not supported on the scant and conflicting evidence presented. (*People v. Ramon* (2009) 175 Cal.App.4th 843, 851 ["[A] mere possibility is nothing more than speculation. Speculation is not substantial evidence."].) Moreover, while the probation officer's report sheds light on how much time appellant actually served, by showing appellant was first given Post Release Community Supervision (PRCS) in December 2012, this evidence was not admitted at appellant's bifurcated trial and thus not relied upon when the trial court found true the allegation that appellant had not remained free of felony convictions or prison terms for any five-year period since 1998. Accordingly, given the prosecution's burden of proof on this issue, we conclude that insufficient evidence supports the imposition of a one-year sentence enhancement for a prior prison term under Penal Code section 667.5 predicated on appellant's 1998 conviction.

Having concluded insufficient evidence supports the sentencing enhancement, appellant asserts we are limited to remanding for resentencing. The crux of this argument

---

**8**       We disagree with the People's assertion that "in context, the court appeared to" take judicial notice of the CJIS files. The record contains no ruling and no clear reliance on such records.

has been rejected by our own Supreme Court. (See *People v. Barragan* (2004) 32 Cal.4th 236, 240-243, 259 [retrial of strike allegation permissible after reversal for insufficient evidence].) Under the binding precedent of *Monge v. California* (1998) 524 U.S. 721, sentencing enhancements related to prior conviction issues are not subject to the double jeopardy clause and remand for further proceedings, including potential retrial, is proper. (*People v. Marin* (2015) 240 Cal.App.4th 1344, 1364-1366.)

### *The Trial Court Did Not Abuse Its Discretion Regarding Appellant's Pitchess Motion*

Appellant filed a *Pitchess* motion seeking information related to instances of dishonesty by Probation Officer Arturo Cervantes. The trial court reviewed Probation Officer Cervantes's personnel file, but found no documents should be produced. Appellant requests we review the procedures implemented and the trial court's decision not to require production.

*Standard of Review and Applicable Law*

*Pitchess* motions are the well-settled mechanism by which defendants can screen law enforcement personnel files for evidence that may be relevant to their defense without compromising the officer's reasonable expectation of privacy in those records. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1225 (*Mooc*).) Subject to various restrictions not relevant here, a trial court must conduct an in camera review of potentially relevant personnel files if the defendant makes a showing of good cause for the discovery. (*Id.* at p. 1226.)

This process is effectuated by having a custodian of records collect all potentially relevant documents from identified personnel files and present them to the trial court. "The custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Mooc*, *supra*, 26 Cal.4th at p. 1229.)

9

The trial court must then make a record of what documents it has examined to permit future appellate review. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.) "If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined." (*Ibid.*) These proceedings are then sealed. (*Ibid.*)

Upon appeal, we independently examine the record made by the trial court "to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of personnel records." (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

*The Trial Court Did Not Abuse Its Discretion*

The trial court concluded there were no documents responsive to appellant's *Pitchess* motion that required disclosure. We have reviewed the transcripts and settled statements relevant to this issue, along with all documents presented to the trial court, which the court helpfully preserved.

The trial court complied with the required *Pitchess* procedures. A custodian of records was present and placed under oath. Probation Officer Cervantes's full personnel file was reviewed and considered in light of appellant's discovery motion. The court created an accounting of what was reviewed and why it was not relevant or subject to production. These proceedings were stenographically recorded. (*Mooc*, *supra*, 26 Cal.4th at p. 1229.) Our independent review finds the trial court did not abuse its discretion in concluding no records should be disclosed. Indeed, there were no complaints in the files and none of the standard personnel documents showed any evidence of dishonesty or related conduct.

## DISPOSITION

The judgment that appellant is subject to a one-year prior prison term enhancement under Penal Code section 667.5 based on his July 13, 1998, conviction is reversed, and this matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.