Filed 9/17/20  P. v. Morris CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B305345 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA140325) |
| v. | |
| MARDELLAS LASHAWN MORRIS, | |
| Defendant and Appellant. | |

THE COURT:

Mardellas Lashawn Morris (defendant) appeals from his convictions and resulting sentence following his no contest plea to one count of second degree robbery (Pen. Code, § 211)[1] and his admission to several sentencing enhancements for which he received a negotiated state prison aggregate sentence of eight

---

[1]   All further statutory references are to the Penal Code unless otherwise indicated.

years.

Counsel was appointed to represent defendant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On June 29, 2020, we advised defendant that he had 30 days within which to personally submit any contentions or issues for us to consider. To date, no supplemental brief has been submitted.

## I.    Procedural and Material Factual Background of Case

### A.    Information

In April 2016, the People charged defendant with second degree robbery (§ 211), a serious and violent felony. (§§ 1192.7, subd. (c) & 667.5, subd. (c).) The People also alleged defendant's 1997 robbery conviction constituted a prior "strike" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)) and a prior serious felony (§ 667, subd. (a)(1)). Additionally, the People alleged defendant had served two prior prison terms (§ 667.5, subd. (b))—in 2013 for bringing a controlled substance into the jail (§ 4573, subd. (a)), and in 2004 for grand theft from a person (§ 487, subd. (c)).

### B.    The plea and sentence

In December 2016, defendant entered into a negotiated plea. In exchange for a sentence of eight years in state prison and dismissal of the prior strike allegation, defendant agreed to plead guilty to second degree burglary, admit he had suffered the prior serious felony for the 1997 robbery, and the prior prison term for the 2013 offense. The plea agreement, which defendant initialed and signed, states that he had not been induced to enter

the plea by any promise or representation other than that he would be sentenced to eight years in state prison. When it was brought to the court's attention that defendant had not served a prison sentence for the 2013 offense, defendant admitted he had served a prior prison term for the grand theft in 2004. The court accepted defendant's plea, found defendant "knowingly, intelligently waived his constitutional rights and . . . freely and voluntarily entered" into the plea, and that there was "a factual basis for the plea." The court sentenced defendant to the agreed upon eight-year sentence, comprised of the low term of two years for the robbery, plus the five-year prior serious felony enhancement, plus the one-year prior prison sentence enhancement.

### C.    *Post-conviction proceedings*

In June 2018, defendant filed "a pro per motion to withdraw a plea of guilty." The trial court concluded that it was "strictly buyer's remorse" and denied the motion after reviewing the file from the sentencing court which showed that a "[prior strike] was stricken for the purposes of sentencing" and that defendant had "knowing[ly] and intelligent[ly] waive[d]" his rights.

One month later, in July 2018, defendant filed a motion for transcripts of prior proceedings[2] in which his attorney "made statements to him in private discussions." The court denied the motion because "[t]here can be no transcript of . . . off-the-record proceedings."

In June 2019, defendant filed a pro per motion seeking clarification of his sentence based on the "washout" provision of

---

**2**      We presume the "proceedings" defendant referenced here was the 2016 plea hearing.

3

section 667.5, subdivision (b). According to the "washout" rule, "if a defendant is free from both prison custody *and* the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply." (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229.) Because defendant's washout period between his 2004 grand theft and his 2016 robbery conviction exceeded five years he sought to have his sentence reduced to seven years. The matter was transferred for further proceedings to the court that took defendant's plea and sentenced him in 2016.

At a hearing in July 2019, the sentencing court adjusted the sentence for the robbery to reflect the three-year midterm and added the five-year prior "because the agreed-upon disposition was eight years." The court overruled defense counsel's objection that defendant needed to be present for resentencing because the court was not "giving him more time."

One month later, in August 2019, defendant filed a motion for a stay of the July 2019 nunc pro tunc proceeding, requesting the appointment of new counsel, and defendant's personal appearance. Defendant argued he was never informed of the hearing, and that his counsel was ineffective for not informing him of the hearing and for not knowing "the facts and the law of the washout period." The court granted defendant's request for a rehearing, and issued an order for defendant to be transported from state prison to court for the hearing.

At a hearing in December 2019, the court continued the matter to determine if it had jurisdiction to impose the resentencing at the earlier hearing and whether defendant had to be present or not. Prior to adjourning the hearing the court asked defendant outside the presence of the prosecutor to address

4

the issues related to his counsel's effectiveness. Defendant stated he was not asking to represent himself, nor was he making a motion to vacate his plea. Instead, defendant argued that the one-year prison prior was illegal and the court had sentenced him "on incorrect information."

At a hearing in January 2020, the court noted the maximum sentence defendant was facing was 15 years and that defendant had agreed to an eight-year sentence. Defendant argued that he would not have taken the offer if he had known the maximum sentence was 15 years, and not 16 years as he was led to believe. The court imposed an eight-year sentence comprised of the midterm of three years for the robbery and five years for the prior serious felony enhancement. Defendant advised the court of its discretion to strike the five-year enhancement pursuant to Senate Bill 1393 (Stats. 2018, ch. 1013, §§ 1-2; § 667, subds. (a) & (f)(2)), but the court declined to do so because it was part of the plea agreement and would deprive the People of the "benefit of the bargain."

Defendant filed a timely notice of appeal.

## II. DISCUSSION

As stated above, defendant's appointed counsel filed a *Wende* brief, raising no issues. We notified defendant of his counsel's brief and gave him leave to file, his own brief or letter stating any grounds or argument he might wish to have considered. Defendant declined our invitation.

Defendant's eight-year sentence was the result of a negotiated plea and defendant is estopped from challenging what

5

was a negotiated part of his plea agreement.[3] "The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.) Negotiated plea agreements are an "'accepted and integral part of our criminal justice system.'" (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80.) A negotiated plea is one in which the defendant pleads to specific charges and enhancements, and the trial court plays no part except to approve or disapprove the plea and to enter sentence thereon. (*People v. Segura* (2008) 44 Cal.4th 921, 931.)

Here, defendant declined to withdraw his plea. The eight-year sentence to which the parties had agreed could not be specifically enforced in the precise manner originally contemplated, but the resentenced term did not exceed the initial agreed-upon sentence, thus, there was no error. See *In re Ricardo C.* (2013) 220 Cal.App.4th 688, 698 [a plea agreement is a contract between the accused and the prosecutor, both parties are bound by its terms, and both the defendant *and the People* are entitled to the benefit of the bargain].)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106.)

---

[3] The sole exception is where the court lacks fundamental jurisdiction over the parties and the subject matter. That is not the issue here.

6

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI , P.J.,           CHAVEZ, J.,           HOFFSTADT, J.